## LAIRD *v.* MAYOR OF DE SOTO.[1]

### *(Circuit Court, E. D. Missouri.* September 30, 1885.)

MANDAMUS—FEDERAL COURTS SHOULD CONFORM TO STATE PRACTICE IN ISSUING.

A federal court should not issue a *mandamus* ordering the mayor of a city to collect a tax for the payment of a judgment against the city, without an execution having first been issued and returned unsatisfied in whole or in part, where the statutes of the state in which the court is held only permit a *mandamus* to be issued by state courts after an execution has been so returned.

Motion to quash an alternative writ of *mandamus* ordering the collection of a tax to pay an execution. The section of the Revised Statutes of Missouri referred to below is as follows:

"Whenever an execution, issued out of any court of record in this state against any incorporated town or city, shall be returned unsatisfied in whole or part for want of property whereon to levy, such court, at the return term, or any subsequent term thereof, may, by writ of *mandamus*, order and compel the chief officer, trustees, council, and all other proper officers of such city or town, to levy, assess, and collect a special tax to pay such execution and all costs: provided, the rate of taxation so ordered to be levied and assessed shall in no case exceed the rate prescribed by its charter."

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

*Mills & Flitcraft,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

BREWER, J., *(orally.)* In this case a judgment was rendered against the defendant, an incorporated city, upon certain municipal obligations. An alternative writ was issued without a prior execution. The statutes of Missouri provide that if an execution be issued against an incorporated city and be returned unsatisfied, then a writ of *mandamus* may go. 1 Rev. St. § 2415. I understand that the practice in this court has conformed to the provisions of this statute. It should so conform. No right of the judgment creditor is lost; all that results is a slight delay. And the acts of congress indicate the propriety, if not the duty, of conformity. Desty, Fed. Proc. § 914; *U. S.* v. *Keokuk,* 6 Wall. 514; *Moran* v. *City of Elizabeth,* 9 Fed. Rep. 72. Hence the writ was prematurely issued, and the motion to quash will be sustained.